DENNIS, Justice,
concurring in part and dissenting in part.
I concur in the court’s decision that relator is entitled to a medical expert to assist in the rape issue. However, I respectfully dissent from the denial of the defendant’s application on the issue raised relative to the state’s notice-of-alibi demand.
La.Code of Crim.Proc. art. 727 requires that, upon proper written demand by the state, the defendant shall state the specific place or places at which the defendant claims to have been at the time of the alleged offense and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi. The state’s demand must set forth the time, date and place at which the alleged offense was committed. The purpose of such notice-of-alibi provisions is to allow the state sufficient notice of the defendant’s intention to present an alibi defense, to avoid unfair surprise at the trial. Uniform Rules of Criminal Procedure, comment to rule 423 *69 (West 1968); W. LaFave & J. Israel, Criminal Procedure 19.4 (1984); see, e.g. Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). There is no intention that the defendant supply any information that would not otherwise come to light at trial when the defendant presents his case of alibi. LaFave & Israel, id. As with any pretrial discovery provision for the state’s discovery of items or knowledge in the possession of the defendant, Article 727 should be interpreted to require only those disclosures that are permitted by the defendant’s privilege against self-incrimination. Id. It should not be applied in such a way that raises a reasonable likelihood of incrimination. Mosteller, Discovery Against the Defense: Tilting the Adversarial Balance, 74 Cal.L.Rev. 1569, 1631 (1986). An overinclusive request for alibi information violates the clear wording of the statute that the state must supply the time of the crime and goes beyond the clear purpose of the statute to provide only that which will place the state on fair notice of the alibi defense. It also misleads the defendant into supplying the state with information that could strengthen the state’s case, id., which the state could not otherwise obtain from the defendant even at the trial. For example, the defendant may have been in the neighborhood near the time of the offense, tending to corroborate some aspects of the state’s case. See Mosteller, id., at 1588-89. Such incriminatory information may not constitutionally be compelled from the defendant.
In this case, the state requested alibi evidence for the period of time from 2 p.m. to midnight on the day in question. However, an investigating officer testified that the homicide victim was seen alive at 8 or 8:30 p.m. Clearly the state’s demand for alibi evidence was not properly limited to the time of the crime. Furthermore, the defendant is understandably concerned that the state has not been forthcoming with all the knowledge available to it concerning the time of death. While the defendant is willing to disclose the requested evidence bearing on where he will allege he was at the time of the crime, he has moved that the time frame be narrowed to the “time of the offense” as required by Article 727. The trial court should so order. Furthermore, at trial the state should not be allowed to present evidence obtained, directly or indirectly, in answer to an over-inclusive notice-of-alibi demand.
While it is true that in some cases the state will be unable to pinpoint the time of the crime, in a case such as this, where there is a prima facie showing that the request is overinclusive, the state should be required, in camera if necessary, to present evidence showing that the time frame set forth is the narrowest reasonable one. See Mosteller, supra.
For these reasons, I would grant the application on the issue of the overinclu-siveness of the state’s alibi discovery request, and would order the trial court to issue a protective order for defendant until such time that the state sets forth the time of the offense of the crime as required by La.Code Crim.Procedure art. 727.